MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:   (510) 637-3723
    Facsimile:   (510) 637-3724
    E-mail:   Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 14-00247 JD |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MARIO IVAN SANDOVAL, and DANIEL RUIZ-MERCADO, | |
| Defendants. | Current Hearing Date: May 23, 2014<br>Proposed Hearing Date: June 27, 2014 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendants Mario Ivan Sandoval (SANDOVAL) and Daniel Ruiz-Mercado (RUIZ-MERCADO) (collectively, the defendants), by and through their respective counsel of record, Joyce Leavitt and Erik Babcock, hereby stipulate as follows:

    1.    On May 1, 2014, a federal grand jury returned an indictment against the defendants. Both defendants were charged with conspiracy to distribute, and to possess with intent to distribute,

1

methamphetamine, in violation of 21 U.S.C. § 846 and possession with intent to distribute, and distribution of, methamphetamine in violation of 21 U.S.C. § 841(a)(1). Defendants have been arraigned on the indictment, entered pleas of not guilty, and a status conference hearing before this Court is scheduled for 1:00 p.m. in Oakland on Friday, May 23, 2014.

2. Counsel for the government and counsel for defendant RUIZ-MERCADO are not available to attend the hearing scheduled for May 23, 2014. Counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Counsel for defendants also agree that the requested continuance is necessary and excludable for purposes of continuity of counsel. The parties agree that the continuance granted by the Court was not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

3. For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of May 23, 2014, to June 27, 2014, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4. Defendants' counsel represent that they have fully informed their clients of their Speedy Trial rights and that, to their knowledge, their clients understand those rights and agree to waive them. Defendants' counsel further believe that their clients' decision to give up the right to be brought to trial earlier than if time were not excluded from the Speedy Trial Act is an informed and voluntary one.

5. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 20, 2014
MELINDA HAAG
United States Attorney

　　　/S/   *Garth Hire*
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA


　　/S/  *per e-mail authorization*　　　　　　5/20/2014
JOYCE LEAVITT                              Date
Assistant Federal Public Defender
Attorney for Defendant
Mario Ivan Sandoval


　　/S/  *per e-mail authorization*　　　　　　5/20/2014
ERIK BABCOCK                              Date
Attorney for Defendant
Daniel Ruiz-Mercado

3

**[PROPOSED] ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

A status conference in this matter is scheduled for 1:00 p.m. on Friday, June 27, 2014. The time period of May 23, 2014, to June 27, 2014, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

May 20, 2014
DATE

HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE



4